UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2012 MAY -8  A 11: 20
U.S. DISTRICT COURT
BRIDGEPORT, CONN

JAMES ROSENBAUM

v.

ROBERT FARR, ET AL.

PRISONER
CASE NO.
3:11-cv-1994 (AVC)

## RULING AND ORDER

The plaintiff has filed a motion for leave to amend his complaint and a motion for appointment of counsel.  For the reasons set forth below, the motion to amend is granted and the motion for appointment of counsel is denied.

### I.  Motion to Amend [Doc. No. 4]

The plaintiff seeks leave to amend his complaint to add a defendant and to clarify the claims in the complaint.  The Federal Rules of Civil Procedure provide that plaintiff may amend his complaint once as of right "within 21 days after serving [the complaint] or . . . [within] 21 days after service of a" pleading responsive to the complaint "or 21 days after service of a motion" to dismiss, for more definite statement or to strike.  Rule 15(a)(1), Fed. R. Civ. P.  To date, the complaint has not been served and no answer, motion to dismiss, for more definite statement or to strike has been filed by the defendants.  Accordingly, the motions to amend are granted.

The plaintiff has not attached a proposed amended complaint to his motion.  Accordingly, the court will permit the plaintiff

thirty days to file his amended complaint. The plaintiff is reminded that an amended complaint completely replaces the original complaint. Thus, the amended complaint shall include all of the claims and requests for relief he seeks to have the court consider and shall name all of the defendants against whom he seeks relief.

## II. Motion for Appointment of Counsel [Doc. No. 6]

The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. *See, e.g., Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997); *Cooper v. A. Sargenti Co.*, 877 F. 2d 170, 172 (2d Cir. 1989). The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986), *cert. denied*, 502 U.S. 986 (1991). I

The plaintiff states that he has made five attempts to obtain a lawyer, but only received responses from two attorneys. Both attorneys declined to accept his case. It is not clear when the plaintiff sent letters to the other three attorneys. These undocumented attempts to find counsel are insufficient to demonstrate the plaintiff cannot obtain legal assistance on his own. The possibility that the plaintiff may be able to secure legal assistance or representation independently precludes appointment of counsel by the court at this time.

Furthermore, in deciding whether to appoint counsel, the

district court also considers "whether the indigent's position seems likely to be of substance." Id. In Cooper, the Second Circuit reiterated the importance of requiring an indigent to "pass the test of likely merit" and explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." Cooper, 877 F.2d at 171.

In view of the fact that the plaintiff has been granted leave to file an amended complaint to add a defendant and clarify his claims, the court concludes that the existing record does not sufficiently allow it to determine whether plaintiff's claims pass the test of likely merit. Thus, appointment of counsel is not warranted. The motion for appointment of counsel is denied without prejudice.

## Conclusion

The Motion for Appointment of Counsel [**Doc. No. 6**] is **DENIED** without prejudice. The Motion for Leave to Amend [**Doc. No. 4**] is **GRANTED**. The court will permit the plaintiff thirty days to submit an amended complaint that includes all of the claims and requests for relief he seeks to have the court consider and names all of the defendants against whom he seeks relief. **The Clerk shall send the plaintiff an amended complaint form and a copy of the complaint.** If the plaintiff does not file an amended complaint within thirty days of the date of this order, the case will proceed only as to the defendants and claims in the

complaint.

**SO ORDERED** at Bridgeport, Connecticut this 7th day of May, 2012.

/s/ Holly B. Fitzsimmons, USMJ

UNITED STATES MAGISTRATE JUDGE