UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2013 JAN 16 P 2:05
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

JAMES ROSENBAUM

v.                              CASE NO. 3:11CV1994(AVC)(TPS)

ANGEL QUIROS, ET AL.

## RULING ON PENDING MOTIONS

In May 2012, the plaintiff filed an amended complaint *pro se* under 42 U.S.C. § 1983 against employees of the Connecticut Board of Paroles and Pardons: Chairman Robert Farr, Director John Defeo, Field Supervisor Joseph Haggen, Parole Manager Dan Barry and Parole Officers Kendall, Colualope and Albert Ferraro. On October 31, 2012, the court dismissed the claims for monetary damages against all defendants in their official capacities pursuant to 28 U.S.C. § 1915A(b)(2), and all other claims against defendant Haggan pursuant to 28 U.S.C. § 1915A(b)(1). The court indicated that the federal and state law claims would proceed against defendants Farr, Defeo, Barry, Kendall, Colualope and Ferraro in their individual capacities and in their official capacities to the extent that the plaintiff sought declaratory relief.

The plaintiff seeks leave to file a second amended complaint to add new allegations against the defendants. Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely" grant leave to amend "when justice so requires."

The plaintiff has failed to file a proposed amended complaint with his motions and does not otherwise describe the new allegations he seeks to assert against the defendants. Thus, the court cannot make a determination as to whether interests of justice require permitting the plaintiff to file a second amended complaint. Accordingly, the motion is denied without prejudice.

The plaintiff also asks the court to reconsider appointing him *pro bono* counsel. The court construes the motion as a renewed motion for appointment of counsel.

At this time, the amended complaint has not yet been served on defendants Farr, Defeo, Barry, Kendall, Colualope and Ferraro. Thus, the existing record at this time does not sufficiently allow the court to determine whether plaintiff's claims pass the test of likely merit and thus, appointment of counsel is not warranted. Should further development of the record indicate that the claims pass the likely merit test, the court will consider appointing counsel for the plaintiff. Accordingly, the renewed motion for appointment of counsel is denied without prejudice.

## CONCLUSION

The Motion for Reconsideration which the court has construed as a Renewed Motion for Appointment of Counsel [**Doc. No. 13**] is **DENIED** without prejudice. The plaintiff may renew his motion at a later stage of the litigation. The Motion for Leave to file a Second Amended Complaint [**Doc. No. 12**] is **DENIED** without

prejudice. If the plaintiff seeks leave to file a second amended complaint, he may file a motion for leave to amend accompanied by a proposed second amended complaint. Any such motion should be filed within thirty days of the date of this order. If the plaintiff chooses not to file a motion to amend within the time specified, the case will proceed only as to the claims against defendants Farr, Defeo, Barry, Kendall, Colualope and Ferraro.

SO ORDERED this 16th day of January, 2013, at Hartford, Connecticut.

/s/ _____
THOMAS P. SMITH
UNITED STATES MAGISTRATE JUDGE