**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

**JAMES ROSENBAUM**

    **v.**                                                                       **CASE NO. 3:11CV1994(AVC)(TPS)**

**ROBERT FARR, ET AL.**

<u>**RULING ON PENDING MOTIONS**</u>

Pending before the Court are plaintiff's Motion to Compel [Doc. No. 37] and Motion for Appointment of Counsel [Doc. No. 38]. For the reasons set forth below, the motions are **DENIED**.

**I.  Motion to Compel [Doc. No. 37]**

On August 23, 2013, the plaintiff filed a Motion to Compel responses to his Request for Admissions and Request for Production of Documents. The Court had previously granted the defendants an extension of time until June 24, 2013 to file such responses. See Doc. No. 31. On December 19, 2013, the defendants filed a Memorandum in Opposition. The defendants' submission, which is supported by an affidavit from their counsel, demonstrates, *inter alia*, that the responses to the Request for Admissions were mailed to the plaintiff on September 12, 2013[1], and the responses to the Request for Production of Documents were mailed to the plaintiff on October 8, 2013. The defendants' submission also indicates that any delay in responding to the plaintiff's discovery, as well as to

---

[1] Because he was discharged from prison the following day, this mailing did not reach the plaintiff and was eventually returned to defense counsel. Defense counsel re-mailed the responses to the Request for Admissions to the plaintiff on October 8, 2013.

the Motion to Compel, was not due to any fault of the defendants, but rather to their counsel's extremely heavy caseload.  The Court fully credits the representations of defense counsel.

With regard to the Request for Production of Documents, the motion to compel is **DENIED**.  To the extent that the defendants have complied with the request, the motion is moot.  The motion is also denied for failure to comply with Rules 37(a) and 37(b)(1) of the Local Civil Rules of the United States District Court for the District of Connecticut.  Under Local Rule 37(a), a motion to compel must include an affidavit certifying that the party has made an attempt to confer with opposing counsel in a good faith effort to resolve the discovery dispute without the intervention of the Court.[2]  Pursuant to Local Rule 37(b)(1), any discovery motion filed with the Court must include a memorandum of law.  As the plaintiff has not complied with the Local Rules, the motion to compel is **DENIED**.

To the extent that the defendants' responses to the Request for Admissions were not timely filed, the Court has the discretion, and hereby exercises it, to provide a party with relief from the provisions of Fed. R. Civ. P. 36(a)(3) with respect to the consequences for failing to timely respond to a request for admissions.  See Donovan v. Carls Drug Co., Inc., 703 F.2d 650,

---

[2]Although the plaintiff asserts that he wrote a letter to defendants' counsel on August 7, 2013, he did not attach the letter to his motion or indicate the nature of the correspondence.  Thus, the Court cannot conclude that the plaintiff complied with Local Rule 37(a).

651-52 (2d Cir. 1983), rejected on other grounds by McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133-34 (1988); Vandever v. Murphy, No. 3:09cv1752 (AWT)(DFM), 2012 U.S. Dist. LEXIS 162534, at *5-8 (D.Conn. Nov. 14, 2012); Thalheim v. Eberheim, No. B-87-235(WWE)(TPS), 124 F.R.D. 34 (D.Conn. 1988).  Pursuant to Fed. R. Civ. P. 36(b), "[a] matter deemed admitted under [Rule 36(a)(3)] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."  Rule 36(b) permits the withdrawal of an admission when (1) "it would promote the presentation of the merits of the action" and (2) "the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." "The prejudice contemplated by Rule 36(b) is not merely that the party obtaining the admission must, as a consequence of the withdrawal, prove the matter admitted but rather relates to difficulties the party may face in proving its case, such as the availability of key witnesses." Security Ins. Co. of Hartford v. Trustmark Ins. Co., 217 F.R.D. 296, 298 (D. Conn. 2002).  Treating the defendants' submission as a motion under Rule 36(b), the motion is **GRANTED**. The Court finds that both prongs enumerated by Rule 36(b) have clearly been satisfied in this case.  Any admissions under Rule 36(a)(3) are hereby withdrawn by the Court and replaced with the responses previously tendered by the defendants.

**II.  Motion for Appointment of Counsel [Doc. No. 38]**

The plaintiff also seeks the appointment of *pro bono* counsel. The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. See, e.g., Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997); Cooper v. A. Sargenti Co., 877 F. 2d 170, 172 (2d Cir. 1989). The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991).

The plaintiff asserts that he wrote several letters to attorneys in 2012, but they all denied his requests for assistance. The plaintiff does not aver that he has made any recent attempts to secure the assistance of counsel. Furthermore, the plaintiff is now out of prison. The possibility that the plaintiff may be able to secure legal assistance or representation independently precludes appointment of counsel by the court at this time. Accordingly, the plaintiff's Motion for Appointment of Counsel is **DENIED** without prejudice to refiling at a later stage of litigation. Any renewed motion for appointment of counsel shall be accompanied by a summary of any further attempts to obtain counsel or legal assistance, including the names of the attorneys contacted, the dates upon which plaintiff made those contacts and the reasons why assistance was unavailable.

4

**SO ORDERED at Hartford, Connecticut this  30th  day of December, 2013.**

                                                             <u>/s/ Thomas P. Smith</u>
                                                             **THOMAS P. SMITH**
                                                            **UNITED STATES MAGISTRATE JUDGE**